IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MILTON C. JOHNSON, JR., § | |
| § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:19-CV- 113-G-BK |
| § | |
| MEGAN J. BRENNAN, POSTMASTER § | |
| GENERAL, ET AL., § | |
| § | |
| DEFENDANTS. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned for pretrial management. Upon consideration, this action should be **DISMISSED** due to Plaintiff's failure to timely serve Defendants with summonses and copies of his complaint.

**I.   PROCEDURAL HISTORY**

On January 15, 2019, Plaintiff filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 against his employer, the United States Postal Service, as well as ten federal employees. Doc. 3. Plaintiff paid the Court's filing fee and was thus responsible for serving summonses and copies of his complaint on Defendants within 90 days pursuant to Rules 4(c)(1) and 4(m) of the Federal Rules of Civil Procedure. When he did not do so by the deadline of April 15, 2019, the Court extended the time for effectuating service to July 19, 2019. Doc. 6. Plaintiff was also warned that if service of process was not completed by that date, his case would be dismissed. Doc. 6.

On July 19, 2019, Plaintiff filed a "Notice of Service," stating that "the Defendant was served the attached court documents on 7-16-2019."  Doc. 7.  Plaintiff appended to the pleading (1) an unsigned certified mail return receipt, stamped July 16, 2019, and addressed only to Defendant Megan J. Brennan; (2) United States Postal Service tracking documentation indicating that the certified mail had been processed and delivered; and (3) a copy of Plaintiff's complaint, civil cover sheet, and certificate of interested persons.  Doc. 7 at 2-11.

The Court advised Plaintiff that the United States and federal employees had to be served in accordance with Rule 4(i) of the Federal Rules of Civil Procedure, and he had not served Defendants properly.  Doc. 8 at 2.  Plaintiff was given a final opportunity to fully comply with Rule 4 by October 21, 2019, lest his case be dismissed without prejudice.  Doc. 8 at 2.

On the deadline day, the clerk issued summonses at Plaintiff's request, and he then filed (1) certified mail receipts addressed to the United States Attorney General and to Defendant Brennan, each of which attached proofs of service for each individual Defendant indicating that Plaintiff had served them via certified mail, Doc. 11 & Doc. 13; and (2) proofs of service for each Defendant indicating that Plaintiff had personally served them at "Dept of Justice 1100 Commerce (Shanna Winston)," Doc. 12.

## II.  APPLICABLE LAW

As noted above, Rule 4(c) places the burden on a plaintiff to ensure that defendants are properly served with summons and a copy of the complaint.  FED. R. CIV. P. 4(c)(1).  Service of process must be made within 90 days of filing a complaint or the action is subject to dismissal without prejudice.  FED. R. CIV. P. 4(m).  "[W]hen the time to effect service has expired, the party attempting service has the burden of demonstrating 'good cause' for failure to serve the

2

opposing party." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted). Actions, or the lack thereof, that fall into the categories of inadvertence, mistake, or ignorance of the law are not a sufficient showing. *Id.* at 646. The Court nevertheless retains the discretion to extend the time for service even in the absence of good cause. *Thompson v. Brown*, 91 F. 3d 20, 21 (5th Cir. 1996).

Rule 4(i) of the Federal Rules of Civil Procedure governs service of process on federal agencies, officers, and employees. The service requirements vary depending on the identity of the defendant and the capacity in which the defendant is being sued. Rule 4(i)(2) applies to federal agencies as well as officers and employees sued in an official capacity. That rule requires service on the local United States attorney and the Attorney General, as well as delivery of a copy of the summons and complaint to the agency, officer, and/or employee by either registered or certified mail. FED. R. CIV. P. 4(i)(2).

To effect process on a United States officer or employee sued in an individual capacity, a plaintiff must serve the United States and also serve the officer or employee, as relevant here, pursuant to Rule 4(e). FED. R. CIV. P. 4(i)(3). Rule 4(e) allows service either under Texas state law or by (1) delivery of a copy of the summons and complaint to the defendant personally; (2) leaving a copy of each at the defendant's home with a resident of suitable age and discretion; or (3) delivering a copy of each to an agent authorized to receive service of process. Regardless of the method of service and/or mailing, however, Rule 4 prohibits a party from personally undertaking the task. *See* FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added); *Constien v. United States*, 628 F.3d 1207, 1213-15 (10th Cir. 2010) (collecting cases which hold that when service of

3

process is made by mail, only a nonparty can place the summons and complaint in the mail); *United States v. Cabelka*, No. 7:16-CV-00126-O-BP, 2017 WL 6883893, at *5 (N.D. Tex. Dec. 21, 2017) (same), *adopted by* 2018 WL 341739 (N.D. Tex. Jan. 9, 2018).

### III.   ANALYSIS

Plaintiff's latest effort to serve Defendants fares no better than his prior ones, most obviously due to his continued attempts to personally serve Defendants in violation of Rule 4(c)(2).   In addition, he has not attempted to show good cause for failing to properly effect service even though almost a year has passed since he filed his complaint.   *Kreimerman*, 22 F.3d at 645-46.   At this point, the undersigned concludes that Plaintiff simply cannot or will not comply with the Court's orders and Rule 4.   Because Plaintiff has had numerous opportunities to properly serve Defendants, has failed to show good cause for his failure to do so, and an additional extension of time is not warranted, dismissal of this case without prejudice is appropriate.   *See Pennie v. Obama*, 255 F. Supp. 3d 648, 656 (N.D. Tex. 2017) (dismissing case without prejudice against numerous defendants pursuant to Rule 4(m) due to plaintiffs' failure to properly effect service of process despite being granted numerous extensions of time to do so); *Winegarner v. Cinemark Holdings, Inc.*, No. 4:09CV627, 2010 WL 5489617, at *3-5 (E.D. Tex. Oct. 27, 2010) (holding that dismissal of claims was warranted where the *pro se* plaintiff had multiple opportunities to effect service on the defendants, but failed to do so), *adopted by* 2011 WL 13837 (E.D. Tex. Jan. 4, 2011).

## IV.     CONCLUSION

For the foregoing reasons, this case should be **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to timely and properly serve Defendants with summonses and copies of his complaint as required by Rule 4(m).

**IT IS SO RECOMMENDED** on December 18, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.   Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).